## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEEBLE DONALD WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-11-7-FHS |
| ) | |
| MUSKOGEE DAILY PHOENIX and GARY ) | |
| PODDEY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, Keeble Donald Walker ("Walker"), has moved the Court for leave to proceed *in forma pauperis* on his complaint for a claim arising out of an altercation with Defendant, Gary Poddey ("Poddey"), a janitor at the facilities of the Defendant, the Muskogee Daily Phoenix ("Phoenix"), a newspaper publishing company. Plaintiff has submitted his affidavit in support of his motion to proceed *in forma pauperis*. Having reviewed the motion and affidavit, the Court finds Plaintiff is entitled to proceed *in forma pauperis* in the prosecution of this action. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is therefore granted.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. Neitzke v. Williams, 490 U.S. 19, 324 (1989). The ability to file a case under this statute, however, is not without limitations. Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, Congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous, malicious, or fails to

1

state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  Typically, a dismissal on these grounds is "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  <u>Neitzke</u> 490 U.S. at 324.  Moreover, as federal courts are ones of limited jurisdiction, it is incumbent upon a federal district court to review a Plaintiff's complaint at the earliest possible stage to determine whether it has subject matter jurisdiction.  <u>See</u> <u>Laughlin v. KMART Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995).  In this connection, a complaint will be deemed "frivolous" under section 1915(e)(2) when a district court clearly lacks subject matter jurisdiction to consider the allegations of the complaint.  <u>Fuentes v. Tilles</u>, 2009 WL 1043872 (D. Conn.) and <u>Burkett v. Scammehorne</u>, 2010 WL 4457383 (D. Kan.).

    In his complaint, Walker alleges that at about 12:00 or 1:00 o'clock on an unspecified date he was walking from the advertising room at the Phoenix, and entering its mail room, when Poddey grabbed him by his right arm, snatched him into the janitor's closet, and threatened to beat him.  Walker contends Poddey was verbally combative during this encounter.  Walker further contends he reported this incident to an unidentified individual named Newton Baker.  Walker asserts this incident entitles him to due process relief.

    Even assuming the validity of Walker's allegations, the Court concludes it lacks subject matter jurisdiction. Walker's assertion of jurisdiction is "dew [*sic*] process as it is redress without fraude [*sic*]." Walker has not pled a colorable claim arising under the Constitution or laws of the United States, i.e., federal question jurisdiction, pursuant to 28 U.S.C. § 1331, nor has he alleged a claim involving citizens of different States, i.e.,

diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332. The Court finds the necessary "under color of state law" component of any federal question claim for lack of due process under 42 U.S.C. § 1983 is absent. This requirement is the equivalent of the "state action" requirement of the Fourteenth Amendment. <u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922 (1982). The Phoenix, a private newspaper publishing entity, and its employee, Poddey, can not be said to have been acting "under color of state law" under the alleged facts. Moreover, there is nothing in Walker's complaint which would indicate any other basis for federal court jurisdiction, including any allegations which would support a finding of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Thus, the Court concludes that Walker has failed to articulate any basis for federal subject matter jurisdiction.

Consequently, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is granted and this action is dismissed for lack of subject matter jurisdiction.

It is so ordered this 6th day of January, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma